*a* 247 My 486; 3. 248 My 560 Reorg don.

JOHN M. BRENNAN, Respondent, *v.* NATIONAL EQUITABLE INVESTMENT CO., INC., Appellant.

First Department, November 4, 1927.

Corporations — stock — rescission of sale — defense of receipt of dividends with knowledge of facts — plaintiff contends that dividends were paid out of capital and that he accepted them as part return of money paid for stock — defense of waiver of right to rescind is good.

The plaintiff, who is seeking to recover money paid for the purchase of stock of the defendant corporation on the ground that the sale was induced by fraudulent representations, waives his right to rescind the contract and recover the amount paid by accepting dividends on the stock with full knowledge of all the facts on which he relies to rescind the contract.

The mere fact that the plaintiff contends that the dividends were paid out of capital and not out of profits and, therefore, illegally paid, and that at the time he received the dividends he told the defendant that he was accepting the money as part payment of the amount he had paid for the stock, does not overcome the fact that he received the money as dividends and that it was applied by the defendant in the payment of dividends and not in the return of the money which the plaintiff claims he paid for the stock.

APPEAL by the defendant, National Equitable Investment Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of December, 1926, upon the verdict of a jury.

*A. O. Dawson* of counsel [*W. W. Ahrens* with him on the brief; *Hines, Rearick, Dorr, Travis & Marshall,* attorneys], for the appellant.

*Joseph Sterling,* for the respondent.

MARTIN, J.   This action at law is based on an alleged rescission and is to recover money paid for the purchase of stock in the defendant corporation.

The defendant denies the falsity of the representations alleged in the complaint and that the plaintiff offered to return what he had received.   As an affirmative defense it is alleged that following the commencement of this action, and with full knowledge of the facts alleged in the complaint, the plaintiff accepted and received dividends on the stock, and so ratified and confirmed his purchase of it, waived his right to rescind, and waived any rescission theretofore attempted.   It is also pleaded that the plaintiff made no offer at the time of his purported rescission to return to the defendant the dividends which he received on the stock up to the time of his alleged rescission.

By his reply plaintiff admits the receipt of what defendant asserts was paid as dividends, but alleges that the so-called dividends

were fraudulently paid out of capital and that plaintiff received them as a return in part of the sum which he would be ultimately entitled to recover; that the defendant, in paying out the same, knew that they constituted merely a capital distribution; that the plaintiff was also aware of the fact that there were no earnings or surplus out of which they could be paid and that said " dividends " were merely a *pro tanto* distribution to himself and other stockholders; that before accepting them, he so advised the defendant and further notified it that he was receiving and accepting same as a return in part to him of the purchase price of his stock and that he was not waiving and did not intend to waive the cause of action on which he was going to proceed, but instead intended to give credit therefor on the trial.

One who is induced by fraud to enter into a contract is not bound, as a condition of rescission, to restore what has been received where the other party is indebted to him, out of the same transaction, in a larger amount. Nevertheless one who accepts a payment in part performance of the contract may thereby preclude himself from continuing to assert a rescission.

The respondent says that, although he accepted payment of alleged dividends, he distinctly told the officers of the defendant corporation that he was not accepting them as dividends; that there had been no profits for several years; that any payment of dividends was unlawful, such payments being out of capital; that he would apply them to the indebtedness claimed to be due him from the defendant.

The plaintiff accepted and deposited the dividend checks and never returned or offered to return the proceeds thereof. He relies on his assertion that he informed the officers of the defendant, and had others notify them, that the amounts received from the dividend checks were to be treated as payments on account of what was claimed to be due plaintiff.

However, the dividends were sent to him as such. It was also shown that the checks were sent out and received with notice that they were in payment of dividends.

The plaintiff says dividends were not accepted as such, but the legal effect of a payment is not to be determined by declarations or statements of the recipient. (*McNaught* v. *Equitable Life Assurance Society of U. S.*, 136 App. Div. 774.)

The law governing the subject is well stated in Black on Rescission and Cancellation (Vol. 2, § 347): " A subscription for corporate stock induced by fraud is not absolutely void, but only voidable at the option of the defrauded subscriber. He may repudiate it, or he may affirm the contract and recover damages. * * * And if, with

knowledge of the facts, he pays his subscription, accepts dividends, attends meetings of stockholders, or takes an active part in the management of the corporation or the direction of its affairs, he will be held to have waived the fraud and ratified his contract of subscription for the stock."

In *Gravenhorst* v. *Zimmerman* (236 N. Y. 22) the Court of Appeals stated the law to be as follows: " Rescission may be a matter of acts as well as of words. Formal notice of cancellation of a contract may be utterly counteracted and overborne by subsequent recognition of it as an existing obligation. A party cannot by words cancel his contract and then continue to assert rights and benefits and negotiate under it."

It is clear that the plaintiff, with full knowledge of the facts, accepted dividends, thereby treating the contract as in existence and defeating his claim for rescission.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.